# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JASON M. FARR,**
        **Plaintiff,**

    **v.**                          **Case No. 16-C-0215**

**STATE OF WISCONSIN RESCARE**
**WORKFOCE SERVICES FOOD SHARE**
**EMPLOYMENT & TRAINING,**
        **Defendant.**

---

## ORDER

Plaintiff Jason M. Farr, who is not represented by an attorney, has filed a complaint in this court and requests leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915. Upon review of his request, I conclude that he cannot afford to prepay the filing fee and that therefore his request should be granted.

However, in reviewing the plaintiff's complaint, I have determined that he has failed to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (stating that court shall dismiss case if it determines that the action fails to state a claim on which relief can be granted). The plaintiff alleges that he was ordered to participate in a program, called FoodShare Employment & Training ("FSET"), in order to keep receiving his FoodShare benefits. The plaintiff alleges that ordering him to participate in the program violated his rights under the Fourteenth Amendment to the Constitution. However, from what the plaintiff has alleged, it does not appear that his rights were violated. The plaintiff alleges that the FSET program will not help him because he must address other parts of his life, such as finding food and shelter, before he can start looking for employment. While that may be true, the Constitution does not prohibit a

Case 2:16-cv-00215-LA   Filed 02/26/16   Page 1 of 3   Document 4

state from requiring recipients of public benefits to participate in certain programs. Perhaps if the state had singled the plaintiff out for unequal treatment, such as requiring the plaintiff to participate in the program even though it does not require others who are similarly situated to him to participate, the plaintiff could state a claim under the Equal Protection Clause of the Fourteenth Amendment. But the complaint does not allege that the plaintiff has been treated differently from others in the FoodShare program. To the contrary, the plaintiff alleges that many individuals in the FoodShare program have been subjected to the same requirement. *See* Compl. p. 4.

Really, the plaintiff seems to be alleging that requiring FoodShare recipients to participate in the FSET program is poor policy, because most recipients of public benefits have problems that take priority over looking for employment, such as dealing with substance abuse and mental-health issues. However, a state's policy cannot be declared unconstitutional simply because it is bad or unwise. *See New York City Transit Authority v. Beazer*, 440 U.S. 568, 593 (1979) (stating that the Constitution does not authorize a federal court to interfere with governmental policy decision simply because the policy may be unwise).

In short, the plaintiff has not identified any defect in the FSET program, either in general or as applied to him, that could have resulted in a constitutional violation. Thus, the plaintiff has not stated a viable claim for relief, and his complaint must be dismissed. However, if the plaintiff believes that he can identify a constitutional defect in the FSET program or in the way the program has been applied to him, he may file an amended complaint in which he identifies that defect. *See Arnett v. Webster*, 658 F.3d 742, 756 (7th Cir. 2011) (stating that district courts should grant pro se litigants opportunities to

cure defects in their complaints). However, the plaintiff must understand that his personal belief that the program is unwise or that he will not benefit from the program is not grounds for a federal claim. Accordingly, unless the plaintiff can identify some other problem with the program, he should not file an amended complaint.

For the reasons stated, **IT IS ORDERED** that the plaintiff's request to proceed without prepayment of the filing fee is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**FINALLY, IT IS ORDERED** that the plaintiff is granted leave to file an amended complaint. If the plaintiff does not file an amended complaint on or before **March 11, 2016**, the court will dismiss this action in its entirety.

Dated at Milwaukee, Wisconsin this 26th day of February, 2016.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge